1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JEFFREY LEE COX,

              Petitioner,

     v.

WARDEN VASQUEZ,

             Respondents.

                             /

CV F   05-00505 SMS HC

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS AND DIRECTING CLERK
OF COURT TO ENTER JUDGMENT IN
FAVOR OF RESPONDENT

[Doc. 1]

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

## BACKGROUND[1]

      On October 15, 2001, Petitioner was convicted by jury trial in the Superior Court of the State of California, County of Fresno, of first degree burglary, and two counts of possession of a controlled substance.  (Lodged Doc. 1.)  Petitioner was sentenced to 15 years on the burglary count, a consecutive term of one year and four months on the cocaine possession count, and an identical concurrent term on the heroin possession count, for a total term of 16 years and 4 months.  (Id.)

      Petitioner filed a timely notice of appeal with the California Court of Appeal, Fifth

---

[1]  This information is derived from the petition for writ of habeas corpus and Respondent's answer.

1   Appellate District.[2]  (Lodged Doc. 2.)  The Fifth District Court of Appeal affirmed the judgment

2   on April 3, 2003.  (Lodged Doc. 3.)  Petitioner filed a petition for rehearing on May 2, 2003.

3   (Lodged Doc. 4.)  The petition was denied on May 2, 2003.  (Lodged Doc. 5.)  On March 15,

4   2004, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court.[3]

5   (Lodged Doc. 6.)  The petition was denied on January 19, 2005.  (Lodged Doc. 7.)

6          Petitioner filed the instant federal petition for writ of habeas corpus on April 18, 2005.

7   (Court Doc. 1.)  By order of June 17, 2005, the Court directed Respondent to submit a responsive

8   pleading.  (Court Doc. 6.)  Respondent filed an answer to the petition on September 14, 2005,

9   and Petitioner filed a traverse on October 27, 2005.  (Court Docs. 11, 15.)

10                            STATEMENT OF FACTS[4]

11          [Petitioner] entered a home in north Fresno after shattering a sliding glass
            door.  The occupant, who was inside, ran out and flagged down a passing
12          motorist.  The motorist stopped to help and wrote down the license plate of a car
            parked in the home's driveway.  Both the motorist and the occupant confronted
13          [Petitioner] when he came through the home's back gate. [Petitioner] claimed he
            was fixing the air conditioning but when asked for a business card he got into the
14          car and drove off.  As he was backing out of the driveway, he stopped to retrieve
            some boxes from the bushes.  The occupant reported that her jewelry boxes were
15          missing.  The car was traced to [Petitioner's] parents' home.  A search of
            [Petitioner's] room led to the seizure of the cocaine and heroin.  Both the
16          occupant and the passerby identified [Petitioner] as the burglar.

17   (Lodged Doc. 3, at 2.)

18                                 DISCUSSION

19   A.    Jurisdiction

20          Relief by way of a petition for writ of habeas corpus extends to a person in custody

21   pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws

22   _____

23          [2] There, Petitioner raised the single claim that trial counsel was ineffective for failing to move to sever the
     burglary count from the two drug possession counts.  (Lodged Doc. 2.)

24          [3] There, Petitioner raised the same two issues he raises in the instant federal petition - violation of the
25   Fourth Amendment by an illegal search and seizure and violation of the Sixth Amendment by ineffective assistance
     of trial counsel for failing to move to sever the burglary count and failing to move to suppress evidence of drug
26   possession.  (Lodged Doc. 6, pp. 3-4.)

27          [4] The following summary of facts are taken from the opinion of the California Court of Appeal, Fifth
     Appellate District, see Lodged Doc. 3, at p.2.  The Court finds the state Court of Appeal's summary is a correct and
28   fair summary of the facts of the case.

1  or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); <u>Williams v. Taylor</u>,

2  529 U.S. 362, 375, 120 S.Ct. 1495, 1504, n.7 (2000).  Petitioner asserts that he suffered

3  violations of his rights as guaranteed by the U.S. Constitution.  The challenged conviction arises

4  out of the Fresno County Superior Court, which is located within the jurisdiction of this Court.

5  28 U.S.C. § 2254(a); 2241(d).

6        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

7  of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its

8  enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997; <u>Jeffries v. Wood</u>, 114

9  F.3d 1484, 1499 (9th Cir. 1997), <i>cert. denied,</i> 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting

10  <u>Drinkard v. Johnson</u>, 97 F.3d 751, 769 (5th Cir.1996), <i>cert. denied,</i> 520 U.S. 1107, 117 S.Ct.

11  1114 (1997), <i>overruled on other grounds by</i> <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059

12  (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant

13  petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

14  B.    <u>Standard of Review</u>

15        This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

16  custody pursuant to the judgment of a State court only on the ground that he is in custody in

17  violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

18        The AEDPA altered the standard of review that a federal habeas court must apply with

19  respect to a state prisoner's claim that was adjudicated on the merits in state court. <u>Williams v.</u>

20  <u>Taylor</u>, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus

21  will not be granted unless the adjudication of the claim "resulted in a decision that was contrary

22  to, or involved an unreasonable application of, clearly established Federal law, as determined by

23  the Supreme Court of the United States;" or "resulted in a decision that was based on an

24  unreasonable determination of the facts in light of the evidence presented in the State Court

25  proceeding." 28 U.S.C. § 2254(d); <u>Lockyer v. Andrade</u>,123 S.Ct.1166 (2003) (disapproving of

26  the Ninth Circuit's approach in <u>Van Tran v. Lindsey</u>, 212 F.3d 1143 (9th Cir. 2000)); <u>Williams v.</u>

27  <u>Taylor</u>, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply

28  because that court concludes in its independent judgment that the relevant state-court decision

1  applied clearly established federal law erroneously or incorrectly." <u>Lockyer</u>, at 1175 (citations

2  omitted).  "Rather, that application must be objectively unreasonable." <u>Id.</u> (citations omitted).

3      While habeas corpus relief is an important instrument to assure that individuals are

4  constitutionally protected, <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392

5  (1983); <u>Harris v. Nelson</u>, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a

6  criminal conviction is the primary method for a petitioner to challenge that conviction.  <u>Brecht v.</u>

7  <u>Abrahamson</u>, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's

8  factual determinations must be presumed correct, and the federal court must accept all factual

9  findings made by the state court unless the petitioner can rebut "the presumption of correctness

10  by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); <u>Purkett v. Elem</u>, 514 U.S. 765, 115

11  S.Ct. 1769 (1995); <u>Thompson v. Keohane</u>, 516 U.S. 99, 116 S.Ct. 457 (1995); <u>Langford v. Day</u>,

12  110 F.3d 1380, 1388 (9th Cir. 1997).

13      If the California Supreme Court's opinion is summary in nature, however, this Court

14  "looks through" that decision and presumes it adopted the reasoning of the California Court of

15  Appeal, the last state court to have issued a reasoned opinion. <u>See</u> <u>Ylst v. Nunnemaker</u>, 501 U.S.

16  797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review,

17  "look through" presumption that higher court agrees with lower court's reasoning where former

18  affirms latter without discussion); <u>see also</u> <u>LaJoie v. Thompson</u>, 217 F.3d 663, 669 n. 7 (9th

19  Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether

20  state court's rejection of petitioner's claims was contrary to or an unreasonable application of

21  federal law under § 2254(d)(1)).

22      Application of these standards is significantly impeded where, as with Ground One, the

23  state court supplies no reasoned decision.[5] <u>Delgado v. Lewis</u>, 223 F.3d 976, 981 (9th Cir.2000).

24  Under such circumstances, the Court independently reviews the record to determine whether the

25  state court clearly erred in its application of Supreme Court law. <u>Delgado v. Lewis</u>, 223 F.3d 976,

26

27       [5] Although the California Court of Appeal provided a reasoned decision with respect to part of Petitioner's

28  second claim for relief, Petitioner did not raise the Fourth Amendment claim to the Court of Appeal, and instead
raised it only at the California Supreme Court, which issued a summary denial.  (Lodged Docs.

1   982 (9th Cir.2000) ("Federal habeas review is not de novo when the state court does not supply

2   reasoning for its decision, but an independent review of the record is required to determine

3   whether the state court clearly erred in its application of controlling federal law."); see also, e.g.,

4   Greene v. Lambert, 288 F.3d 1081, 1089 (9th Cir.2002).  That is, although the Court

5   independently reviews the record, it still defers to the state court's  ultimate decision.

6   C.      Fourth Amendment - Search and Seizure Claim

7           In Ground One of the petition, Petitioner contends that his conviction was obtained by the

8   use of evidence gained pursuant to an unconstitutional search and seizure.

9           A federal district court cannot grant habeas corpus relief on the ground that evidence was

10  obtained by an unconstitutional search and seizure if the state court has provided the petitioner

11  with a "full and fair opportunity to litigate" the Fourth Amendment issue.  Stone v. Powell, 428

12  U.S. 465, 494 (1976); Woolery v. Arvan, 8 F.3d 1325, 1326 (9th Cir. 1993), cert denied, 511 U.S.

13  1057 (1994).  The only inquiry this Court can make is whether petitioner had a fair opportunity to

14  litigate his claim, not whether petitioner did litigate nor even whether the court correctly decided

15  the claim.  Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996); see also Gordon v. Duran,

16  895 F.2d 610, 613 (9th Cir. 1990) (holding that because Cal. Penal Code § 1538.5 provides

17  opportunity to challenge evidence, dismissal under Stone was necessary).

18          The policy behind the Stone Court's analysis is that the exclusionary rule is applied to

19  stop future unconstitutional conduct of law enforcement.  Stone, 428 U.S. at 492.  However,

20  excluding evidence that is not untrustworthy creates a windfall to the defendant at a substantial

21  societal cost.  See Stone, 428 U.S. at 489-90; Woolery, 8 F.3d at 1327-28.  Thus, the Ninth

22  Circuit has described the rationale for this rule by saying:

23          The holding is grounded in the Court's conclusion that in cases where a
            petitioner's Fourth Amendment claim has been adequately litigated in state court,
24          enforcing the exclusionary rule through writs of habeas corpus would not further
            the deterrent and educative purposes of the rule to an extent sufficient to counter
25          the negative effect such a policy would have on the interests of judicial efficiency,
            comity and federalism.
26
    Woolery, 8 F.3d at 1326; see also Stone, 428 U.S. at 493-494.
27
            Although Petitioner's Fourth Amendment claim was not litigated at the trial court level, it
28

1    was raised in his petition for writ of habeas corpus before the California Supreme Court, which

2    was summarily denied.  The Court must find, therefore, that Petitioner had a full and fair

3    opportunity to litigate this claim before the state courts, and this Court is barred from any further

4    review.

5    D.    Ineffective Assistance of Counsel

6          In Ground Two of the petition, Petitioner contends that his trial counsel was ineffective

7    for failing to move to sever the burglary charge from the two counts of drug possession charges

8    because he claims the drug charges were highly prejudicial and irrelevant to the burglary charge.

9    Petitioner further contends that trial counsel was ineffective for failing to move to suppress the

10   search and seizure of the heroin and cocaine from his bedroom.  (Petition, at 5-6.)

11         The law governing ineffective assistance of counsel claims is clearly established for the

12   purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d).  Canales v. Roe,

13   151 F.3d 1226, 1229 (9th Cir. 1998.)  In a petition for writ of habeas corpus alleging ineffective

14   assistance of counsel, the court must consider two factors.  Strickland v. Washington, 466 U.S.

15   668, 687, 104 S.Ct. 2052, 2064 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994).  First,

16   the petitioner must show that counsel's performance was deficient, requiring a showing that

17   counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by

18   the Sixth Amendment. Strickland, 466 U.S. at 687.  The petitioner must show that counsel's

19   representation fell below an objective standard of reasonableness, and must identify counsel's

20   alleged acts or omissions that were not the result of reasonable professional judgment

21   considering the circumstances. Id. at 688; United States v. Quintero-Barraza, 78 F.3d 1344, 1348

22   (9th Cir. 1995).  Judicial scrutiny of counsel's performance is highly deferential.  A court indulges

23   a strong presumption that counsel's conduct falls within the wide range of reasonable

24   professional assistance.  Strickland, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Sanders v.

25   Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994).

26         Second, the petitioner must show that counsel's errors were so egregious as to deprive

27   defendant of a fair trial, one whose result is reliable.  Strickland, 466 U.S. at 688.  The court must

28   also evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's

6

1  ineffectiveness.  Id.; Quintero-Barraza, 78 F.3d at 1345; United States v. Palomba, 31 F.3d 1356,

2  1461 (9th Cir. 1994).  More precisely, petitioner must show that (1) his attorney's performance

3  was unreasonable under prevailing professional norms, and, unless prejudice is presumed, that

4  (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result would

5  have been different.

6       A court need not determine whether counsel's performance was deficient before

7  examining the prejudice suffered by the petitioner as a result of the alleged deficiencies.

8  Strickland, 466 U.S. 668, 697, 104 S.Ct. 2052, 2074 (1984).  Since it is necessary to prove

9  prejudice, any deficiency that does not result in prejudice must necessarily fail.

10      Ineffective assistance of counsel claims are analyzed under the "unreasonable

11  application" prong of Williams v. Taylor, 529 U.S. 362 (2000).  Weighall v. Middle, 215 F.3d

12  1058, 1062 (2000).

13      In the instant case, in order for Petitioner to demonstrate prejudice under Strickland,

14  Petitioner must demonstrate that (1) had his counsel filed the motion, it is reasonable that the trial

15  court would have granted it as meritorious, and (2) had the motion been granted, it is reasonable

16  that there would have been an outcome more favorable to Petitioner.

17      The Court of Appeal found that there was no ineffective assistance of counsel in failing to

18  move to sever the counts, stating:

19          The evidence supporting the possession counts was discovered when
            [Petitioner's] room was searched for evidence of the burglary.  Arguably,
20          evidence of [Petitioner's] possession of illicit drugs would be admissible to
            establish a motive for the burglary and to explain the absence of the stolen jewelry
21          boxes.

22  (Lodged Doc. 3.)

23      The Court further found that, even if the evidence was not cross-admissible, and a request

24  for severance would or should have been granted had counsel asked, there is no reasonable

25  probability that the result would have been different.  Specifically, the Court stated:

26          The evidence of guilt was overwhelming - [Petitioner] was caught red
            handed at the scene of the burglary.  The home's occupant and an unbiased citizen
27          each saw [Petitioner] leave the home, each saw him remove boxes from the
            bushes before driving off, each described the car [Petitioner] was driving, and
28          each identified [Petitioner] at trial.  When confronted, [Petitioner] provided false

7

1    justification for being at the home.  A police officer patrolling the area saw
     [Petitioner] driving in the described car just moments after [Petitioner] left the
2    home.  The license number provided to police by the motorist belonged to a car
     owned by [Petitioner's] parents. [Petitioner's] father told police [Petitioner] had
3    been driving the car.  The drugs were found in [Petitioner's] bedroom after a
     lawful search.  Quite frankly, no amount of lawyering skill was likely to save
4    [Petitioner] from a conviction on each of the three counts.
             [Petitioner] has failed to establish that, if the motion to sever had been
5    made and granted, it was not reasonably probable that he would have achieved a
     more favorable outcome.  Thus [Petitioner's] claim of ineffective assistance of
6    counsel fails.

7    (Lodged Doc. 3, at 3-4.)  The state courts' determination of this issue was not contrary to, or an

8    unreasonable application of, clearly established Supreme Court precedent.

9         Petitioner further contends that he was denied effective assistance of trial counsel for

10   failing to move to suppress the search and seizure of the heroin and cocaine from his bedroom.

11   (Petition, at 5-6.)

12        As Respondent submits, Petitioner was on parole at the time of the search.  (RT 13-14;

13   CT 345.)  Petitioner's neighbors notified the police that Petitioner was a parolee.  (RT 14; CT

14   315.)  After attempting to gain consent through Petitioner, police subsequently sought and were

15   granted permission to enter and search Petitioner's bedroom from his parole agent.  (RT 16; CT

16   315.)

17        A federal district court cannot grant habeas corpus relief on the ground that evidence was

18   obtained by an unconstitutional search and seizure if the state court has provided the petitioner

19   with a "full and fair opportunity to litigate" the Fourth Amendment issue.  Stone v. Powell, 428

20   U.S. 465, 494, 96 S.Ct. 3037, 3052 (1976); Woolery v. Arvan, 8 F.3d 1325, 1326 (9th Cir. 1993),

21   cert denied, 511 U.S. 1057 (1994).  However, Sixth Amendment claims based on incompetent

22   representation by counsel are not barred by Stone v. Powell.  See Kimmelmann v. Morrison, 477

23   U.S. 365, 373-83 (1986).  Accordingly, Petitioner's Fourth Amendment claim raised in the

24   context of his Sixth Amendment ineffective assistance of counsel claim is cognizable in this

25   proceeding.

26        Recently, in Samson v. California, 126 S.Ct. 2193, 2196 (2006), the Supreme Court

27   decided the question left open in United States v. Knight, 532 U.S. 112, 120, n.6 "whether a

28   condition of release can so diminish or eliminate a released prisoner's reasonable expectation of

1   privacy that a suspicionless search by a law enforcement officer would not offend the Fourth

2   Amendment." In <u>Knights</u>, the Supreme Court held:

3       "When an officer has reasonable suspicion that a probationer subject to a search
        condition is engaged in criminal activity, there is enough likelihood that criminal
4       conduct is occurring that an intrusion on the probationer's significantly
        diminished privacy interests is reasonable."

5

6   <u>United States v. Knights</u>, 534 U.S. at 121.

7       In <u>Samson</u>, the Supreme Court held that under the Fourth Amendment the reasonableness

8   of the search is determined by examining the totality of the circumstances. <u>Samson</u>, 126 S.Ct. at

9   2196-2187. The Court concluded that Fourth Amendment does not prohibit an officer from

10  conducting a suspicionless search of a parolee, absent "arbitrary, capricious or harassing

11  searches." <u>Id</u>. at 2202. The Supreme Court reasoned that "parolees have fewer expectations of

12  privacy than probationers, because parole is more akin to imprisonment than probation is to

13  imprisonment" and given the stringent conditions of parole demonstrates that parolees have

14  severely diminished expectations of privacy by virtue of their status alone. <u>Id</u>. at 2198-2199.

15      Petitioner's claim is foreclosed by the holding in <u>Samson</u>, as the police officers had

16  knowledge of Petitioner's parole status prior to the search (see RT 13-16; CT 315), and Petitioner

17  has failed to demonstrate that the search was arbitrary, capricious, or harassing. In any event, for

18  the following reasons, Petitioner's claim is meritless under <u>Knight</u>..

19      Here, it is unquestionable that at the time of the search there was reasonable suspicion to

20  conduct the parole search in the instant case, as the police officers had reasonable suspicion to

21  believe that Petitioner had just committed a burglary. On April 30, 2001, Officers Clark and

22  Plymale went to Petitioner's residence to do a follow-up investigation regarding a burglary that

23  occurred earlier that day. (RT 180-181, 204-205.) There, they located the vehicle that matched

24  the description of the vehicle the suspect had fled in after the burglary. (RT 182-184, 205.)

25  Petitioner's father indicated that Petitioner had, in fact, been driving the car earlier that day. (RT

26  184, 205.) Petitioner's father indicated that Petitioner was working on the roof of the house;

27  however, when officers attempted to locate Petitioner on the roof he was not there. (RT

28  185–186, 205.) After talking with several neighbors, Petitioner was subsequently apprehended

approximately a mile to a mile and a half from his home at a telephone booth.  (RT 186-190, 206-209.)  Petitioner's neighbors notified the police that Petitioner was a parolee.  (RT 14; CT 315.)  The police got authority to enter Petitioner's bedroom from his parole agent.  (RT 16; CT 315.)  Petitioner's bedroom was subsequently searched where a hypodermic needle, cocaine, and heroin were seized.  (RT 191-193, 214-221.)  Because the officers clearly had reasonable suspicion to believe Petitioner was engaged in criminal activity, i.e. the earlier burglary, any motion to suppress would have been denied.  See e.g. Jackson v. Calderon, 211 F.3d 1148, 1155 (9th Cir. 2000); James v. Borg, 24 F.3d 20, 26 (1994); Lowry v. Lewis, 21 F.3d 344, 345 (9th Cir. 1994).

Petitioner claims that despite the trial court's urging the search was not challenged.  As Respondent argues, Petitioner misinterprets the record.  At the hearing in question, the trial court resolved the issue of whether the People could present evidence that the police asked Petitioner for consent to search and he refused it.  (RT 15.)  It was the People's intent to introduce this as evidence to demonstrate Petitioner's consciousness of guilt.  (RT 16-19.)  Defense counsel objected and the Court excluded the evidence.  (Id.)  Contrary to Petitioner's assertion, there is no suggestion in the record that the trial court was indicating that the search and seizure were unlawful nor that trial counsel should file a motion to suppress the evidence.

Based on the foregoing, the state courts' determination of this issue was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.      The instant petition for writ of habeas corpus is DENIED; and

2.      The Clerk of Court is directed to enter judgment in favor of Respondent.

IT IS SO ORDERED.

Dated:   **June 1, 2007**                        _____/s/ Sandra M. Snyder_____
                                                          UNITED STATES MAGISTRATE JUDGE