# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY LEE COX, | CV F   05-00505 SMS HC |
|       Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |
|   v. | [Doc. 22] |
| WARDEN VASQUEZ, | |
|       Respondents. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

On June 1, 2007, the instant petition for writ of habeas corpus was denied and judgment was entered in favor of Respondent this same date. (Court Docs. 20, 21.)

On June 15, 2007, Petitioner filed a motion for reconsideration.  In his motion, Petitioner contends that the state courts as well as this Court's June 1, 2007, order denying the petition for writ of habeas corpus is based on an unreasonable determination of the facts.  The Court construes Petitioner's motion as a Rule 60(b) motion for reconsideration.

Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other

misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

In the instant petition, Petitioner raised a Fourth Amendment challenge regarding an alleged unconstitutional search and seizure and ineffective assistance of counsel for failing to severe the burglary and drug charges and for failing to move to suppress the evidence obtained pursuant to the alleged unconstitutional search. Petitioner points to certain factual circumstances which have no bearing on the merits of his petition and would have noaffect on the ruling or outcome. As such, Petitioner has not and cannot demonstrate relief pursuant to Rule 60(b), and his motion is therefore DENIED.

IT IS SO ORDERED.

**Dated:   August 8, 2007**                    /s/ Sandra M. Snyder
                                      UNITED STATES MAGISTRATE JUDGE